PER CURIAM.
This appeal presents a question of law which may be put thusly: Following a first primary for election of multiple membership to a political party executive committee which first primary leaves more than one member still to be elected, may the Secretary of State, upon withdrawal of one of the candidates, remove from the list of remaining candidates the name of the candidate receiving the highest vote in the first primary, thereby in effect electing said highest candidate to one of the offices remaining to be filled? The trial court resolved the issue in the affirmative and with that conclusion we are in agreement.
In his petition plaintiff-appellant alleges his candidacy for a seat on the Democratic Executive Committee for the Parish of East Baton Rouge both as a candidate from the Parish at large and from Ward Two of said parish in the Democratic Party Primary held November 4, 1967. The result of said primary left two remaining seats to be filled for the Ward Two office and four remaining seats to be filled from the Parish at large in a second primary. Appellant was certified as one of four candidates eligible for the remaining Ward Two positions as well as one of eight eligi-bles to participate in the second primary for election to the four remaining seats from the Parish at large. Subsequently, two candidates so certified, one from Ward Two and one from the Parish at large, withdrew pursuant to R.S. 18:358(C). Upon being so notified, the Secretary of State, purporting to act under R.S. 18:358(C), deleted from the ballot the names of the persons withdrawn and also the names of remaining candidates for each seat who received the highest number of votes therefor in the first primary.
Appellant sought injunctive relief to bar the Secretary of State from taking such action contending that the removal of the two candidates receiving the highest number of votes in the first primary from the ballot for said offices was tantamount to certifying their election to these respective positions in violation of R.S. 18:297(B), which statute, appellant contends, prohibits the election of a candidate to such offices except on receipt of a majority of the votes cast for such party position.
The facts giving rise to this litigation are not in dispute. No candidate certified to the Secretary of State by the Parish Executive Committee to participate in the second primary to be held December 16, 1967 received a majority vote for the offices in question. The Parish Executive Committee has taken no action subsequent to their certification of the four and eight candidates entitled to participate in the *632 second primary. The issue presented herein- concerns primarily the relationship between L.S.A. R.S. 18:297 and L.S.A. R.S. 18:358 and whether or not the latter section permits, sanctions, or authorizes the action taken by the Secretary of State and complained of by appellant. R.S. 18:297 (B) provides:
“B. If there be more candidates than are necessary to fill the positions on any parish or committee provided for in this Part from' any representative district or ward, the candidates receiving a majority of the votes cast for the office for which they were candidates shall be declared duly elected as members of the committee. No,candidate shall be declared elected as a member of any committee provided for in this Part who has not received a majority of the votes cast for that office. Second primaries for membership on any committee provided for in this Part shall be held at the same time and in the same manner as that for the local officers as provided for in R.S. 18:-358, provided, however, that if any second primary election for membership on any of the committees provided for in this Part results in a tie, the members of the committee authorized to declare candidates duly elected shall elect as a member of the committee from the representative district or ward one candidate from among those who- received the same number of votes. As amended Acts 1960, No. 486, § 1; Acts 1966, Ex.Sess., No. 14, § 1.” (Emphasis added.)
R.S. 18:358(C) provides:
“Where in the second primary it is necessary to fill by nomination two or more offices of the same character, there shall be a sufficient number of candidates entitled to take part in the primary so as to provide twice as many candidates as there are positions to be filled, and no more. The selection of the required number of candidates shall be made from those candidates receiving the four highest number of votes, the six highest number of votes, and so on, until the required number are selected. If one of the candidates entitled to be voted for in the second primary dies or withdraws, the remaining candidate for that office who received the highest vote in the primary shall be declared the nominee and only the names thereafter remaining shall be voted on.” (Emphasis added.)
It is contended by plaintiff that the procedures provided by Section 358 are limited by the language of Section 297(B), providing that candidates for parish executive committees must have a majority vote before they can be elected. He contends that since none of the candidates certified in the second primary have a majority of the votes, they cannot be affected by the provisions of Section 358(C), to the effect that withdrawal of one candidate of those certified for a second primary result in the nomination of the remaining candidate having the highest number of votes.
Defendant contends that the majority vote requirement of Section 297(B) is intended to prevent certification of election of candidates receiving a plurality in the first primary, and is modified by the provisions of Section 358(C) relative to procedures after withdrawal of candidates.
In determining the question we must find the meaning of the phrase “in the same manner”, contained in 297(B). Taken in its ordinary significance the phrase can only be construed to include all of the procedural provisions of Section 358. If the Legislature had intended otherwise, they would have so stated.
The principles of statutory interpretation, which require that apparently contradictory provisions of the law be reconciled and given effect whenever possible, are best served by this interpretation.
If the position of the plaintiff be adopted, it would be necessary to ignore the clear provision of Section 297(B) adopting *633 the election procedures of Section 358, or to state that some of those provisions apply and others do not.
We further note a provision of Section 358(A) to the effect that a second primary be held when no candidate receives a majority of the votes cast a second primary shall be held. This provision, which is substantially the same as that of 297(B), is modified by 358(C), and we can see no reason why it should not apply to 297(B) in the same way.
For the reasons hereinabove set forth the judgment appealed from is affirmed at appellant’s cost.
Judgment affirmed.