LOTTINGER, Judge.
From the denial for a request of a jury trial without prepayment of cost, the defendant, Frank French, has perfected this appeal.
After a perusal of the record, we note the following chronology of events. Judgment was rendered orally denying the jury trial *538 without the prepayment of cost on January 25, 1972, but was not read and signed until September 30, 1975. On the same day, the Clerk of Court mailed the notice of judgment, and the defendant by oral motion was granted an appeal which was made returnable on October 30,1975. By November 14,1975, neither the bond for the appeal had been filed, nor had the cost for the preparation of the record on appeal been paid to the Clerk of the Trial Court by the appellant, and thus a motion dismissing the appeal was granted by the Trial Court. On December 29, 1975, an appeal bond was filed, and another motion for an appeal was filed and granted on January 9, 1976.
Until the appeal bond is timely filed, the jurisdiction of the Trial Court over the case is not divested,[1] and thus the Trial Judge was correct in dismissing the appeal on November 14,1975, for failure to pay the cost to the Clerk of the Trial Court as provided by LSA-C.C.P. art. 2126.[2]
We are of the opinion that as of the dismissal of the appeal on November 14, 1975, there was no order outstanding granting an appeal and requiring the filing of an appeal bond. Thus, when the appeal bond was filed on December 29, 1975, it was not then filed in compliance with any outstanding order granting an appeal, and it could not retroactively resurrect the order of September 30, 1975, granting the appeal.
The judgment was read and signed and notice mailed on September 30, 1975, and the delay for applying for a new trial commenced on October 1, 1975, and terminated as of midnight, October 9, 1975,[3] and thus the 90 day devolutive appeal period commenced to run on October 10,1975, and terminated as of midnight, January 7,1976. The second motion for the appeal and order granting same is dated January 9, 1976, after all delays for the taking of a devolu-tive appeal had expired. Thus we note on our own motion the lateness of the motion for appeal and order same dismissed. All costs of this appeal are taxed to defendant-appellant.
APPEAL DISMISSED.

.LSA-C.C.P. art. 2088 provides:
“The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to:
(1) Allow the taking of a deposition, as provided in Article 1437;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party; or
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal.
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code.”

. LSA-C.C.P. art. 2126 provides:
“The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”

. October 1, 1975, was a Wednesday, and thus under LSA-C.C.P. art. 1974, allowing seven days exclusive of legal holidays for applying for a new trial, and discounting the intervening Saturday and Sunday, the seventh day was October 9, 1975.