PRICE, Judge.
James Atkins has appealed the denial by the district court of his request for a restricted driver’s license under the provisions of LSA-R.S. 32:415.1 to enable him to earn a living for his family. We reverse the decision of the trial court for the following reasons.
The trial court held that Atkins, who had three convictions for driving while intoxicated that resulted in revocation of his driver’s license in 1974 and suspension in 1976, could not avail himself of the provisions of the statute as it is intended to apply to only those persons whose license has been suspended, revoked, or cancelled for the first time.
LSA-R.S. 32:415.1 in part provides as follows:
A. (1) Upon suspension, revocation or cancellation of a person’s drivers license for the first time only . . . said person within thirty days after initial notice from the department shall have the right to file a petition . . . alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood.
* * * * * *
A. (2) Notwithstanding the provisions of paragraph (1) of this Subsection, any person whose license is suspended, revoked or cancelled shall have the right to file an application for a restricted license on the grounds of economic necessity within ninety days after the effective date of this section.
*1004 Atkins relies on paragraph A. (2) which he contends allows “any person whose license has been suspended, revoked, or can-celled” to ask for a restricted license within ninety days of the effective date of the act even if his driver’s license had been terminated more than once.
The Department of Public Safety contends paragraph A. (2) must be read in context with the preceding paragraph which shows the legislative purpose was to provide relief for licensees whose license has been affected for the first time only. The Department contends the legislature intended paragraph A. (2) as a “grandfather clause” for those persons who received a notice of suspension or revocation more than thirty days prior to the effective date of this statute, but who would otherwise qualify under paragraph A. (1).
This statute has not been interpreted by an appellate court since its adoption in 1976. Although the interpretation urged by the Department is plausible, it is more probable the legislature intended to allow all persons, including those whose license had been affected more than one time, to apply for a restricted license for the limited period of ninety days. This interpretation is reasonable as prior to the adoption of this statute in 1976, Louisiana had no provision for a restricted license based on economic hardship.
We find it appropriate to give the statute a strict construction and interpret paragraph A. (2) in accord with a literal reading of the language employed. We therefore hold appellant is eligible to apply for a restricted license under this paragraph of the statute. The discretion to grant or reject the application rests with the trial court.
The judgment is reversed, and the case is remanded to the district court for further proceedings.