COVINGTON, Judge.
Simon Jackson instituted this suit on November 12,1976, to obtain judicial review of an order of the Louisiana State Department of Public Safety, Driver’s License Division, suspending his driver’s license for one year. The petitioner sought a temporary restraining order and an order to the Department to issue him a restricted license. After hearing, the trial court denied the petitioner’s demands, and he has appealed.
The basis for the petitioner’s suit is LSA-R.S. 32:415.1, which allows the granting of a restricted license to a licensee under certain circumstances if the revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood.
The evidence discloses that the petitioner was convicted or entered a plea of guilty of driving while intoxicated on three different occasions, August 24, 1971, March 7, 1973, and December 15, 1975.
In accordance with LSA-R.S. 32:414, the petitioner’s license was revoked by the Department following both the second and third convictions. Following the last revocation, the petitioner instituted this suit to obtain a restricted license.
The Department contends that the petitioner is not entitled to a restricted license in view of the fact that his license has been revoked more than once. In support of its contentions, the Department relies upon LSA-R.S. 32:415.1(A)(1), which provides in pertinent part as follows:
“Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person within thirty days after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family.”
On the other hand, the petitioner argues that the “first time only” restriction found in the foregoing provision is not applicable to him. In support thereof, he cites LSA-R.S. 32:415.1(A)(2), which reads as follows:
“Notwithstanding the provisions of Paragraph (1) of this Subsection, any person whose license is suspended, revoked, or cancelled shall have the right to file an application for a restricted license on the grounds of economic necessity within ninety days after the effective date of this Section.”
The petitioner argues that Subsection (A)(2) establishes an exception to Subsection (A)(1), by permitting any licensee, regardless of the number of times his driver’s license has been revoked, to apply for a hardship license within 90 days of the effective date of the statute. He argues that he is entitled to prosecute the instant action even though his license has been revoked more than once.
In dismissing the suit the trial judge stated:
“Subsections (A)(1) and (A)(2) appear to be inconsistent. While (A)(1) specifically allows a hardship appeal following revocation of a person’s driver’s license ‘for the first time only’, (A)(2) would appear *1321 to grant that same right regardless of the number of revocations. The issue before the Court is the reconciliation of these two apparently conflicting provisions.
“In this regard we note the following guidelines for statutory construction set forth in Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336 (1962):
‘In construing a statute, the primary object is to ascertain and, if possible, give effect to the intention and purpose of the legislature as expressed in the statute. Since the meaning is to be determined from a general consideration of the act as a whole, all parts, provisions or sections must be read together; each must be considered with respect to, or in the light of, all the other provisions, and construed in harmony with the whole. The intent as deduced from the whole will prevail over that of a particular part considered separately; meaning should be given, if possible, to each and every section, and the construction placed on one portion should not be such as to obliterate another; so, in determining the meaning of a word, phrase or clause, the entire statute is to be considered.’ 137 So.2d at page 339.
“Furthermore, apparently contradictory provisions of law must be reconciled and given effect when possible. Raborn v. Secretary of State, 204 So.2d 630 (La. App. 1st Cir. 1967), Writ refused 251 La. 681, 205 So.2d 443 (1967). Accordingly, we cannot simply ignore one of the subject provisions in favor of the other. Rather, we must harmonize both so that each may be given effect.
“Applying the above rules of construction to the instant statute, we conclude that Subsection (A)(2) applies to persons whose driver’s licenses have been revoked for the first time only, as provided for in Subsection (A)(1).
“After considering the intent of the entire Act, we conclude that Subsection (A)(2) is what is commonly referred to as a ‘grandfather clause’. Subsection (A)(1) grants a hardship privilege to persons whose licenses were revoked the first time, but only if they apply therefor within thirty days after their initial notification of the revocation by the Department. Subsection (A)(2) was obviously included in the Act to insure that first revokees whose licenses were revoked pri- or to the enactment of the Act would have the same right as those whose licenses were revoked subsequent thereto. “To adopt plaintiff’s interpretation and declare that Subsection (A)(2) grants a right to a hardship license regardless of the number of revocations would be an unwarranted broadening of the clear intent of Subsection (A)(1).
“As the evidence discloses that the plaintiff’s license has been revoked more than once by the Department, he has no right to the relief sought herein. For the above and foregoing reasons, the petition for an economic hardship driver’s license by plaintiff, Simon Jackson, is hereby dismissed at his costs.”
We agree with the holding of the trial judge and the reasons for judgment expressed by him. Accordingly, we adopt his reasons and affirm. The judgment appealed is affirmed at petitioner-appellant’s costs.
AFFIRMED.