352 So.2d 443 (1977)
Oliver D. SMITH, Plaintiff-Appellee,
v.
STATE of Louisiana, Through the DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellant.
No. 6208.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
Foye L. Lowe, Jr. and Michael C. Barron, Dept. of Public Safety, Baton Rouge, for defendant-appellant.
Gravel, Roy & Burnes by Dee D. Drell, Alexandria, for plaintiff-appellee.
Before HOOD, CULPEPPER and FORET, JJ.
FORET, Judge.
This is an action for the issuance of a restricted driver's license instituted by plaintiff, Oliver D. Smith, against the defendant, State of Louisiana, through the Department of Public Safety. From an adverse judgment, defendant appeals. Appellant alleges that the trial court erred in ordering the issuance of restricted driving *444 privileges under the provisions of LSA-R.S. 32:415.1.
Judgment was rendered on March 17, 1977, and was read and signed on April 1, 1977. An order granting a devolutive appeal without bond was signed on April 22, and the return date of the appeal was scheduled for May 21, 1977. On May 20, a motion for an extension of the return date, based upon the fact that the appellant had not yet made payment on the record so that it could be prepared for the appeal, was filed; the motion was granted and the return date was extended to June 20, 1977.
LSA-C.C.P. Article 2126 provides for the payment of the costs of appeal. It states:
"The appellant shall pay to the clerk of the trial court, not later than twenty days after the granting of the order of appeal, all costs as estimated by said clerk for the preparation of the record on appeal, and the filing fee required by the appellate court to lodge the appeal.
"The twenty-day time limit may be extended once for not more than twenty additional days by the district judge. Such extension shall be in written form.
"Any difference between the estimated costs and the actual costs shall be remitted by the clerk of the trial court or paid by the appellant, as the situation may require, not later than three days prior to the return day or extended return day."
That article has been used by the courts of this State as authority for dismissing appeals. In such cases, the appeal was not timely filed, or a motion to dismiss the appeal was granted prior to the time the appeal was lodged, because the costs of the appeal were not fully paid three (3) days prior to the return date, and the delay was due solely to the fault of appellant. American Bank & Trust Co. v. French, 336 So.2d 537 (La.App. 1 Cir. 1976); Case v. Case, 322 So.2d 354 (La.App. 2 Cir. 1975); cases too numerous to cite.
However, in the case at bar, the record was timely lodged in the appellate court. Thus, the issue of appellant's failure to timely pay costs is moot. Vogt v. Wheat, 222 So.2d 579 (La.App. 4 Cir. 1969); Downey v. Bellue, 178 So.2d 778 (La.App. 1 Cir. 1965); Succession of Nunez ex rel First Nat. Bank of Abbeville v. Pickett, 335 So.2d 778 (La.App. 3 Cir. 1976).
Appellee invoked LSA-R.S. 32:415.1 for the issuance of a restricted driver's license. That statute provides:[1]
"A. (1) Upon suspension, revocation, or cancellation of a person's drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person within thirty days after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family. The restrictions of said license shall be determined by the court and shall include the following:
(a) Licensee shall only be permitted to operate motor vehicle on such streets as would enable him to earn his livelihood.
(b) Such operation is restricted to such times at which he is involved in earning a livelihood.
(c) During the period of suspension, licensee shall be responsible for applying to the court in the event that earning his livelihood necessitates a change in the original restrictions proposed by the court.

*445 (d) Any other restrictions that the court determines to be necessary and proper.
(2) Notwithstanding the provisions of Paragraph (1) of this Subsection, any person whose license is suspended, revoked, or cancelled shall have the right to file an application for a restricted license on the grounds of economic necessity within ninety days after the effective date of this Section.
"B. A copy of the order shall be sent to the department along with a copy of the conviction notice. A copy of the order containing the restrictions shall be attached to the license of the person convicted and must be in possession of the person whenever he is operating a motor vehicle. A restricted license shall be issued by the department and designated by a large red R printed on the face of the license. The term of the restrictions shall be the same as the term of the original suspension, cancellation, or revocation.
"C. A violation of the restrictions or a subsequent conviction of any offense involving the operation of a motor vehicle during the term of the restricted license shall result in the extension of the period of suspension, revocation, or cancellation for one year from the date upon which the licensee would otherwise have been able to apply for new license and shall also constitute contempt of court. Suspension, revocation, or cancellation that results from such a violation shall not be subject to appeal as set forth in this Section. The restricted driving privileges for this Section may be allowed to a person only once."
By its express terms, that statute is to be used in only two situations:
(1) A person whose driving privileges have been suspended, revoked, or cancelled may file an application for a restricted license on the grounds of economic necessity within ninety (90) days of October 1, 1976, or
(2)(a) The applicant's driver's license has never before been suspended, revoked, or cancelled; and
(b) The applicant has filed, within thirty (30) days after initial notice from the Department of Public Safety of the potential revocation, suspension, or cancellation of his driver's license, a petition in the district court of the parish of his domicile alleging that that conduct would deprive him or his family of the "necessities of life or will prevent him from earning a livelihood".
In this case, the first situation does not apply. Plaintiff-appellee Smith filed his petition on February 24, 1977, more than 90 days after the effective date of LSA-R.S. 32:415.1. Nor does the second apply. Although plaintiff filed his petition within thirty (30) days of the initial notice of suspension, his driver's license had been suspended on a prior occasion. At trial, appellee Smith testified that in 1972, his driver's license had been suspended for one year. D-1, Exhibit EA, a certified copy of an official record of the Department of Public Safety, verified and corroborated that testimony of plaintiff Smith.
LSA-R.S. 32:414, Subdivision B, compels the revocation of the license of a person who pleads guilty to, or is convicted of, a second or multiple offense of D.W.I. In those cases, there is no discretion in the trial court to grant limited driving privileges in hardship cases. Hendryx v. State, Dept. of Public Safety, 311 So.2d 547 (La. App. 3 Cir. 1975); Vicknair v. State, Dept. of Public Safety, 303 So.2d 226 (La.App. 4 Cir. 1974); Jackson v. State, Dept. of Public Safety, 349 So.2d 1319 (La.App. 1 Cir. 1977).
Accordingly, the judgment of the trial court is reversed, and judgment is hereby rendered in favor of the State of Louisiana, through the Department of Public Safety, dismissing plaintiff's suit.
All costs of these proceedings are assessed against plaintiff appellee, Oliver D. Smith.
REVERSED AND RENDERED.
NOTES
[1] LSA-R.S. 32:415.1 has been amended and re-enacted by Act 243 of the 1977 regular session of the Louisiana legislature.