353 So.2d 318 (1977)
Lawrence PERRY, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, DRIVER'S LICENSE DIVISION, Defendant-Appellee.
No. 11574.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Writ Refused February 17, 1978.
*319 C. Alvin Tyler, Baton Rouge, of counsel for plaintiff-appellant, Lawrence Perry.
Foye L. Lowe, Jr., Baton Rouge, of counsel for defendant-appellee, State of Louisiana, Dept. of Public Safety, Driver's License Div.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
Plaintiff's driver's license was revoked by the Louisiana Department of Public Safety. He brought this action to be granted restricted driving privileges pursuant to R.S. 32:415.1. The lower court rejected his demands in a well reasoned opinion which we adopt:
"Petitioner has sought to have granted restricted driving privileges under the provisions of LSA-R.S. 32:415.1. This statute provides that a person whose driver's license has been revoked for the first time as provided for under LSA-R.S. 32:414(B), (C), (D), (E) and LSA-R.S. 32:415 may apply for restricted driving privileges based on a showing of economic hardship upon himself and/or his family because of the suspension.
"LSA-R.S. [32:] 415.1 provides that this restricted driving privilege be applicable to the suspension `for the first time only.' Petitioner was convicted on July 28, 1969, for a DWI offense which was committed on January 1, 1967. He was convicted on November 21, 1971, for a DWI offense which was committed one month after the first offense, on February 19, 1967. For this DWI conviction his license was suspended for the first time. On June 13, 1973, petitioner was convicted of a DWI offense which was committed on July 31, 1970. For this offense his driver's license was suspended for a second time. On September 4, 1975, petitioner was convicted of the offense of driving while his license was under revocation, which offense occurred on June 8, 1975. This second and last suspension is the one which petitioner has sought to have reviewed under the provisions of LSA-R.S. 32:415.1. Petitioner contends that since his last DWI offense was committed more than five years ago, none of these convictions are relevant to his current suspension and that this last suspension should be considered as his first suspension.
"Petitioner is referring to the provision of LSA-R.S. [14:] 98(F) which provides for penalties for successive convictions of operating a vehicle while intoxicated. It is to be noted that this article does not provide that successive convictions for DWI are different crimes. It provides that offenses more than five years before the offense being considered will not be considered in assessing the penalties against the defendant.
"LSA-R.S. 32:414(B)(2), under which provisions the petitioner's license is currently under suspension, provides that for `the second subsequent offense' of DWI, the offender's license shall be suspended for a period of twelve months.
"Nowhere does LSA-R.S. 14:98(F) say that a DWI offense more than five years previous to another one is not a DWI offense nor that it will not be considered as a second subsequent offense. It simply provides that in the assessment of *320 penalties, an offense more than 5 years previous will not be considered.
"A reading of LSA-R.S. 32:415.1 in conjunction with LSA-R.S. 14:98(F) clearly shows the fallacy of petitioner's argument. LSA-R.S. 32:415.1 is applicable only to the first suspension of driving privileges. LSA-R.S. 14:98(F) is applicable only to the criminal penalties to be assessed for convictions of DWI. Petitioner's license has been under suspension twice. The provisions for DWI penalties of LSA-R.S. 14:98(F) were never intended to be applied to the suspension provisions of LSA-R.S. 32:415.1."
On appeal plaintiff also makes a second contention. He argues that under R.S. 32:415.1(A)(2) he can get a restricted license even though this is not the first time his license was revoked. This paragraph reads:
"Notwithstanding the provisions of Paragraph (1) of this Subsection, any person whose license is suspended, revoked, or cancelled shall have the right to file an application for a restricted license on the grounds of economic necessity within ninety days after the effective date of this Section."
Paragraph 1 requires that for a restricted license to be given it must be the driver's first suspension. It would seem that Paragraph 2 does away with this requirement if suit is brought within the ninety days. However, such an anomalous result has already been rejected by this court. Jackson v. State of Louisiana, Department of Public Safety, Driver's License Division, 349 So.2d 1319 (La.App. 1st Cir. 1977). We there stated:
"`After considering the intent of the entire Act, we conclude that Subsection (A)(2) is what is commonly referred to as a "grandfather clause". Subsection (A)(1) grants a hardship privilege to persons whose licenses were revoked the first time, but only if they apply therefor within thirty days after their initial notification of the revocation by the Department. Subsection (A)(2) was obviously included in the Act to insure that first revokees whose licenses were revoked prior to the enactment of the Act would have the same right as those whose licenses were revoked subsequent thereto.
"`To adopt plaintiff's interpretation and declare that Subsection (A)(2) grants a right to a hardship license regardless of the number of revocations would be an unwarranted broadening of the clear intent of Subsection (A)(1).'"
We recognize that the decision of the Second Circuit in Atkins v. Department of Public Safety, 348 So.2d 1003 (La.App. 2d Cir. 1977) is contrary to Jackson. However, after careful consideration, we reaffirm our holding in Jackson.
For the reasons assigned, we affirm the judgment at appellant's cost.
AFFIRMED.