360 So.2d 228 (1978)
Hardy W. HOWARD
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY.
No. 12039.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
*229 Michael R. Connelly, Baton Rouge, of counsel for plaintiff-appellant Hardy W. Howard.
Michael C. Barron, Baton Rouge, of counsel for defendant-appellee Louisiana Dept. of Public Safety.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
Plaintiff seeks a restricted driver's license under LSA-R.S. 32:415.1. From a judgment dismissing his petition, plaintiff has appealed.
On January 24, 1973, plaintiff pleaded guilty to a DWI charge and his driver's license was suspended for one year. Apparently, subsequent to the effective date of Act 618 of 1976, Regular Session, plaintiff's driver's license was again suspended for driving while under the influence of alcoholic beverages. In dismissing plaintiff's suit the trial judge said: "because Mr. Howard's license was not suspended for the first time when he applied for the restricted driver's license, his petition is hereby denied".
In appealing plaintiff contends the trial judge erred (1) in applying LSA-R.S. 32:415.1 retroactively, since his first suspension occurred prior to the effective date thereof, and (2) by dismissing his petition denied him due process.

ERROR NO. 1
Appellant argues the general rule that statutes are to be applied prospectively rather than retroactively, thus in determining what is the first suspension under LSA-R.S. 32:415.1, only those suspensions after the effective date of Act 618 of 1976 can be considered.
We are convinced the legislature intended a retroactive application of this statute. LSA-R.S. 32:415.1 A (2) specifically allowed the granting of a restricted driver's license for a suspension invoked prior to the effective date. The legislative mandate is clear that LSA-R.S. 32:415.1 only applies to "first time" suspensions. Smith v. State, Dept. of Public Safety, 352 So.2d 443 (La. App. 3rd Cir. 1977).

ERROR NO. 2
Appellant argues that the trial judge's interpretation of the statute discriminates against him on an arbitrary basis, and thus he is denied due process.
We above agreed with the interpretation of LSA-R.S. 32:415.1 by the trial judge, as to the intention of the legislature. Prior to the enactment of this statute, there did not exist the availability of the restricted driver's license. The legislature saw a need for a partial reprieve from the hardships caused by the suspension of driving privileges, and granted this partial reprieve to first time only suspensions. We cannot envision how a reprieve to first time only suspensions is a denial of due process.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.