372 So.2d 1259 (1979)
Charles W. BRADLEY, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellant.
No. 7016.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1979.
Foye L. Lowe, Jr., Baton Rouge, for defendant-appellant.
Self & Burkett, Donald Burkett, Many, for plaintiff-appellee.
Before CULPEPPER, SWIFT and DOUCET, JJ.
SWIFT, Judge.
The Louisiana Department of Public Safety has taken this appeal from a judgment of the district court granting the plaintiff a restricted driver's license under LSA-R.S. 32:415.1 to support his family.
Mr. Bradley was convicted of operating a motor vehicle while under the influence of intoxicating beverages in Madison Parish in 1971 and also in North Dakota in 1976. He was arrested in Terrebonne Parish on January 29, 1977, for DWI and also for driving under a revoked license. The plaintiff refused to take the PEI or sobriety test on this occasion. Guilty pleas to both charges were entered on September 18, 1977.
*1260 In the meantime Bradley's driver's license was revoked in Louisiana for a period of one year under LSA-R.S. 32:414(B) because of the second DWI conviction. Later an additional six months suspension was imposed for his refusal to submit to the PEI test. Although at the time of the trial of this matter he had not received official notification, the plaintiff was told by an employee of the department in a telephone conversation that his driver's license was being revoked for additional periods by reason of the September 18, 1977, convictions. Appellee has neither filed a brief nor argued this case orally. However, we assume that his application for a restricted license is directed at the latter revocations as it is obvious his first revocation and the six months suspension have expired.
The plaintiff is a pipeline welder and owns a truck on which his welding machine is transported and used in his work. When this case was heard below he was employed by a construction company in the installation of a pipeline in Tennessee. Mr. Bradley lives in Louisiana and it was necessary for his ailing wife to drive his truck to Tennessee and then fly home. While working, he has had to depend on a helper to drive the truck to each point where he makes a weld.
The department's contention that the plaintiff is not eligible for a restricted license under these circumstances is correct. LSA-R.S. 32:415.1A(1) expressly provides that a restricted license for economic hardship can only be issued where the applicant's driver's license has been suspended, revoked or cancelled "for the first time only" under LSA-R.S. 32:414(B), (C), (D), (E) and LSA-R.S. 32:415. Smith v. State, Dept. of Public Safety, 352 So.2d 443, (La.App. 3 Cir. 1977); Perry v. State, Dept. of Pub. Saf., Driver's L. Div., 353 So.2d 318 (La.App. 1 Cir. 1977), writ denied 354 So.2d 1385 (La. 1978); Howard v. Louisiana Dept. of Public Safety, 360 So.2d 228 (La.App. 1 Cir. 1978).
Mr. Bradley's driver's license was revoked for the first time under LSA-R.S. 32:414(B) as a result of his second DWI conviction which took place in North Dakota in 1976.
Consequently, the district judge lacked authority in this instance to issue a restricted license relating to plaintiff's subsequent revocations.
For the reasons assigned, the judgment appealed is reversed and judgment is hereby rendered in favor of the State of Louisiana, Department of Public Safety, dismissing the plaintiff's suit, all at the latter's costs.
REVERSED AND RENDERED.