374 So.2d 119 (1979)
Isaac D. WENFREY
v.
DEPARTMENT OF PUBLIC SAFETY, State of Louisiana.
No. 10310.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1979.
*120 Harris, Stampley, McKee, Bernard & Broussard, Paul S. Adams, New Orleans, for plaintiff-appellee.
Foye L. Lowe, Jr., Associate Gen. Counsel, Legal Section, Baton Rouge, for defendant-appellant.
Before SAMUEL, BOUTALL and BEER, JJ.
SAMUEL, Judge.
Plaintiff filed this suit under Revised Statute 32:415.1 seeking restricted driving privileges after having been convicted on three occasions of violating R.S. 14:98, prohibiting driving while under the influence of intoxicating beverages. As required by R.S. 32:414 B(2), the defendant Department of Public Safety had revoked his driver's license.
After a hearing, the trial judge ordered the issuance of a restricted driver's license, and the Department has appealed from that judgment.
In this court, in which plaintiff has made no appearance, the Department raises several issues for our decision on appeal. However, the entire case hinges on the second issue thus raised, i. e., whether a driver who has been convicted of driving while under the influence of intoxicating beverages on three occasions is entitled to apply for restricted driving privileges under R.S. 32-415.1.
Revised Statute 32:414 B(2) imposes a mandatory one year revocation of the license of any person who has been convicted of a second offense of driving while intoxicated. In 1976, the legislature enacted R.S. 32:415.1, which provides that a person convicted of a previous driving while intoxicated violation could apply to the court for a restricted license.
The Department contends restricted driving privileges under R.S. 32:415.1 are not available to a person, here the present plaintiff, who has been convicted of three offenses of driving while intoxicated. We agree with that contention.
In pertinent part R.S. 32:415.1 A(1) provides:
"Upon suspension, revocation, or cancellation of a person's drivers license for the first time only as provided for under R.S. 32:414 (B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family." LSA-R.S. 32:415.1 A(1). (Emphasis added)
The explicit wording of the above quoted portion of the statute makes it clear that the right to seek a restricted license is extended solely to one who has been convicted "for the first time only" (emphasis ours). As the present plaintiff has been convicted of three offenses, he cannot obtain a restricted license.[1]
For the reasons assigned, the judgment appealed from is reversed and it is ordered *121 that plaintiff's application for restricted driving privileges be, and the same is now, denied.
REVERSED.
NOTES
[1] See Howard v. Louisiana Dept. of Public Safety, La.App., 360 So.2d 228; Jackson v. State, Dept. of Public Safety, La.App., 349 So.2d 1319.