COLE, Judge.
This appeal involves three consolidated cases wherein the district court granted plaintiffs-appellees restricted driving privileges in accordance with La.R.S. 32:415.1. The issue in each case is whether or not the plaintiff is entitled to restricted driving privileges in light of the requirement the applicant must have had his license revoked or suspended only one time. Each plaintiff had been recently convicted of violation of La.R.S. 14:98 (Driving While Intoxicated) and petitioned the district court to be granted limited driving privileges in order to get to and from work.
La.R.S. 32:415.1 provides a person whose license has been revoked or suspended for the first time may apply for restricted driving privileges. If the court is satisfied economic hardship would result because of the suspended license, it may grant the limited driving privileges to the applicant. The statute reads in part as follows:
“A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B) (C) (D) (E) and R.S. 32:415 said person . .. shall have the right to file a petition in the district court .. . alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood.”
In case number 13,786 the Department submitted an exhibit attached to its answer consisting of a certified conviction record of John B. Lane. The record shows three convictions for DWI. The dates of the convictions range from November 1975 to January 1977. Lane admitted pleading guilty to these charges when he testified at the hearing on his restricted driving privileges. He also admitted his license had been suspended in 1975 or 1976 for a period of one year. The record clearly reflects the current suspension is not Mr. Lane’s first suspension. Therefore, the district court acted improperly in issuing restricted driving privileges to John Lane. A prior suspension of a driver’s license has consistently been considered an absolute bar to the is *331 suance of a judgment for a restricted license. Perry v. State, Department of Public Safety, Drivers License Division, 353 So.2d 318 (La.App. 1st Cir. 1977), writ denied 1978. Howard v. Louisiana Department of Public Safety, 360 So.2d 228 (La. App. 1st Cir. 1978); Bradley v. State, Department of Public Safety, 372 So.2d 1259 (La.App. 3d Cir. 1979); Wenfrey v. Department of Public Safety, 374 So.2d 119 (La. App. 4th Cir. 1979).
In case number 13,787, plaintiff Ernest Jackson was first convicted of DWI on April 30, 1979. Although an exhibit attached to the Department’s answer shows his license was suspended in connection with this offense, plaintiff testified he had never received notice of a suspension and in fact had never surrendered his driver’s license. His second conviction for DWI was in July of 1979. He admitted at the hearing his license had been suspended for this offense and stated he received notice of the suspension on August 19, 1979. (A copy of the notice was admitted into evidence.) The suspension was to be in effect until August 19, 1980. In the meantime, after Mr. Jackson received the second DWI conviction but before he received the notice of suspension, he was ticketed on July 31, 1979 for driving while under revocation. He pled guilty to this offense in September of 1979.
Under La.R.S. 32:415(A) it is unlawful for a person to drive while their license is suspended. The sanction for violation of this statute is that the original period of suspension is extended one year beyond the date it would normally have ended. La.R.S. 32:415(B). Under La.R.S. 32:414(E) the Department is to send a certified letter to the person whose license is to be suspended informing them of the suspension. The person has five days to surrender his driver’s license to the Department.
The record shows Mr. Jackson should not have been ticketed with violation of La.R.S. 32:415 on July 31, 1979, because at that time he had not been notified of the suspension. He pled guilty to the charge of driving under revocation. Unfortunately, plaintiff’s delays for appeal have long since run. Although he may have pled guilty to an invalid charge the conviction is presumed valid until otherwise attacked. Therefore, we have no choice but to consider the conviction for driving under revocation to be valid.
The issue is whether or not, at the time of the application for restricted driving privileges, the applicant’s license had been suspended only once. We hold his license had been suspended twice, therefore the district court should not have granted him restricted driving privileges.
We reach this conclusion by considering the purpose of the statute. La.R.S. 415.1 was obviously designed to give some relief to those persons who have had a serious violation or several lesser violations resulting in the suspension of their driver’s license. However, the statute is not designed to grant relief to all persons affected by suspensions or revocations, but only that class of persons who have had their license suspended one time only. The legislature apparently felt this class of persons deserved some leniency if they proved economic hardship. To the contrary, those who have committed offenses so serious as to have their license suspended more than once have removed themselves from the class of persons given lenient treatment.
In this case the plaintiff was convicted twice for DWI and his license was suspended after the second conviction. Before the period of suspension had run he was convicted of driving while under revocation. Under La.R.S. 32:415 the original period of suspension is automatically extended. Although Mr. Jackson was technically still under his first suspension at the time of his application for limited driving privileges, we cannot say that at that time his license had been suspended one time only. By statute, his license had been automatically suspended a second time for one year beyond the original period. Mr. Jackson did not file a brief in this case but he would undoubtedly argue the second suspension had not begun to run at the time he petitioned the court for driving privileges, *332 therefore the second suspension should not be considered.[1] The facts clearly show at the time plaintiff petitioned the court he had received two suspensions. It is immaterial that the second suspension had not yet begun to run.
We are assured of the logic of our conclusion when we examine the results if we were to consider Mr. Jackson to have received only one suspension. Plaintiff would be allowed to exercise limited driving privileges during his period of first suspension. When this period ended, the second suspension would have taken effect. Because it would be the second suspension plaintiff would not be eligible for limited driving privileges. Therefore, without having committed any further offense plaintiff would have to give up his driver’s license. This type of interpretation would allow a person under a first suspension to continue to violate the suspension and receive numerous convictions and extension of the suspension. Yet because that person would technically be serving his first suspension, he would be eligible for limited driving privileges during that period. As soon as the first suspension period ended he would then be under the second suspension and would have no opportunity for restricted driving privileges. This interpretation leads to undesirable, unpredictable results.
We feel the legislature did not desire this result. The intent was to prohibit those so careless as to deserve more than one suspension from receiving the limited privileges. At the time he petitioned the court Mr. Jackson was the recipient of two suspensions and should not have been allowed the restricted driving privileges.
In case number 13,788 Billy House’s license was also suspended because of a DWI conviction. At the hearing he testified he was previously convicted of DWI in 1977. He further admitted his license had been suspended six or seven years earlier and he was without his license for a period of five years. We find the record clearly shows the contested suspension is not the first suspension for Mr. House. For the same reasons as discussed above, no driving privileges should have been granted under La.R.S. 32:415.1. Perry, supra; Howard, supra.
For the foregoing reasons, the judgment of the trial court in each of these consolidated cases is reversed. Appellees are to share the costs of these proceedings in the amount of one-third each.
REVERSED.

. It must be noted we are dealing with the issue of the number of suspensions as of the date of plaintiff’s petition for the driving privileges, February 1980. As of the date of this opinion the first suspension period has already run and the plaintiff is clearly under the second suspension. Our task, however, is to judge the propriety of the trial court’s actions as of the date the petition was filed and the matter heard.