CHIASSON, Judge.
The Department of Public Safety, State of Louisiana (Department), appeals the judgment of the district court granting Lynn J. Vice, plaintiff-appellee, a restricted driver’s license.
Lynn J. Vice has three times pleaded guilty to driving while intoxicated and has been sentenced on each occasion. His first conviction was on October 18, 1973, in the Second Parish Court, Parish of Jefferson. The second conviction occurred in City Court for the City of Lake Charles on January 12, 1976. The last conviction occurred on March 9, 1978, in the City of Morgan City.
After the second conviction, the Department suspended Vice’s drivers license for a period of one year. Upon receiving verification of Vice’s latest conviction for driving while intoxicated, the Department sent him a notice on April 5, 1979, informing him of the second suspension of his driving privileges.
Vice applied to the district court for a restricted license to enable him to continue to earn his livelihood. The trial court granted the restricted license. We reverse.
The Department suspended the appellee’s drivers license under the authority of La. R.S. 32:414 B.(2) which, in part provides:
“B. The department shall forthwith revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:
(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second or subsequent offense for operating or being in actual physical control of a motor vehicle while under the influence of intoxicating beverages, ...”
Louisiana Revised Statute 32:415.1 A.(l) provides, in part:
“A.(l) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood.. .. ” (Emphasis added).
The district court is granted authority to issue a restricted license only after the first suspension of a driver’s license. Sibley v. Louisiana Dept. of Public Safety, 385 So.2d 505 (La.App. 1st Cir. 1980), Perry v. State, Dept. of Pub. Saf., Driver’s L. Div., 353 So.2d 318 (La.App. 1st Cir. 1977).
Appellee admits that his driver’s license has been previously suspended. Since this is the second time Mr. Vice’s license is suspended, the trial court was without authority to grant him a restricted driver’s license.
For these reasons the judgment of the trial court is reversed and plaintiff-appel-lee’s petition for a restricted driver’s license is dismissed at his costs.
REVERSED AND RENDERED.