SAMUEL, Judge.
Plaintiff filed this suit under R.S. 32:415.1 seeking restricted driving privileges after his driver’s license had been suspended.[1]
Following trial, there was judgment granting a restricted driver’s license. The defendant, Department of Public Safety, has appealed.
The record establishes that plaintiff has pled guilty to three charges of driving while under the influence of intoxicating beverages, one in 1974, another in 1975, and the third in 1980. His license was suspended following the 1975 incident and again suspended after the 1980 incident.
Under the explicit wording of R.S. 32:415.1 A[2] restricted driving privileges cannot be petitioned for after a second suspension of a driver’s license and, thus, the trial court was without authority to grant or order the issuance of a restricted driver’s license.[3]
For the reasons assigned, the judgment appealed from is reversed and it is ordered that plaintiff’s application for restricted driving privileges be, and the same is now, denied.

REVERSED.

. LSA R.S. 32:414 B(2).

. “(1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family.” (Emphasis ours).

. Wheeler v. State, Dept. of Pub. Safety, Etc., La.App., 377 So.2d 539; Bradley v. State, Dept. of Public Safety, La.App., 372 So.2d 1259; Perry v. State Dept. of Pub. Saf., Driver’s L. Div., La.App., 353 So.2d 318; Smith v. State, Dept. of Public Safety, La.App., 352 So.2d 443.