385 So.2d 505 (1980)
Michael SIBLEY
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY.
No. 13258.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*506 A. Wayne Stewart, Livingston, for plaintiff.
Michael C. Barron and Foye L. Lowe, Baton Rouge, for defendant.
Before ELLIS, PONDER and COLE, JJ.
PONDER, Judge.
This is an action for a restricted driver's license under the provisions of La.R.S. 32:415.1.[1] Defendant appealed from the order granting such a license.
The issues are whether plaintiff's petition stated a cause of action and the validity of the issuance of the license despite multiple prior suspensions and revocations.
We reverse.
In order for a restricted license to be granted, it must be the driver's FIRST suspension. Perry v. State, Dept. of Pub. Saf., Driver's L. Div., 353 So.2d 318 (La.App. 1st Cir. 1977) writ denied 354 So.2d 1385 (La. 1978).
Plaintiff's failure to state in his petition that this was a first suspension is fatal to his claim.
There was and is no need to give permission to amend the pleadings so as to state a cause of action. As a matter of fact, plaintiff could not have truthfully stated a cause of action because plaintiff has two DWI convictions as well as speeding and reckless driving violations. He also has several violations for driving under a revoked license. His record shows five suspensions since 1975. There is evidence in the record of other suspensions for driving under a revoked license prior to 1975. Even the DWI convictions more than five years old are to be considered although these are not considered in assessing penalties for second and subsequent DWI convictions. Perry, supra.
The judgment is reversed at appellee's costs and the petition for a restricted driver's license is dismissed.
REVERSED.
NOTES
[1] LSA-R.S. 32:415.1 states in pertinent part:

"A. (1) Upon suspension, revocation, or cancellation of a person's drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood."