WATKINS, Judge.
This is an appeal brought by the Department of Public Safety of the State of Louisiana from a judgment granting Warren Michel a restricted drivers license upon his application under LSA-R.S. 32:415.1.
The record reveals that Mr. Michel (ap-pellee) was involved in an accident in March of 1977 in which there was a fatality; although it does not indicate that he was at fault, appellee testified that his driver’s license was suspended as a result. The record further reveals that while appellee’s driver’s license was still under suspension he was convicted once for driving while intoxicated and three times for driving while his license was under suspension, as a result of which the initial suspension was extended four times under the authority of LSA-R.S. 32:415. On August 22,1979, subsequent to the last extension of the suspension of appellee’s driver’s license, he filed the petition for restricted driving privileges under LSA-R.S. 32:415.1.
LSA-R.S. 32:415 reads as follows:
“A. It shall be unlawful for any person to operate a motor vehicle upon any public highway of this state during the period of suspension, revocation or cancellation of any license- which may have been issued to him by this state or by any other state.
“B. Any period of suspension or revocation shall automatically be extended for a period of one year from the date the licensee would otherwise have been entitled to apply for a new license upon his conviction for any offense involving the operation of a motor vehicle committed during such period. No driver shall use a license issued to him in another state for the purpose of operating a vehicle in this state while his license from this state is under suspension. The department is authorized to suspend or revoke the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state, upon receiving notice of his conviction, or of the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail in another state or federal jurisdiction for any offense, which if committed in this state, would be grounds for suspension or revocation of the license.”
The first sentence of LSA-R.S. 32:415.1 reads as follows:
“A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license, for the first time only as provided for under R.S. 32:414 (B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood.”
The Department of Public Safety contends that because the suspension of Mr. Michel’s license has been extended under the authority of LSA-R.S. 32:415 he is not entitled to a restricted license under LSA-R.S. 32:415.1, since the latter section applies only to a “suspension ... for the first time only . . . ”. The statute does not speak of an extension of an existing suspension, and we assume that the trial court did not consider the extension of an existing suspension as an additional or another suspension and, therefore, a limitation on the court’s power to grant a restricted drivers license in the present case. We cannot agree with this construction because it produces the effect that a driver who is convicted of an offense which subjects him to a suspension while his license is under suspension could obtain a restricted license, where a driver who completes the service of the initial suspension and has his unrestricted license returned to him and then is con *132 victed of a subsequent offense for which he could receive another suspension of his drivers license could not obtain a restricted license under the statute. We, therefore, hold that the extensions of suspension of appellee’s drivers license after convictions for offenses while under suspension constitute additional suspensions under LSA-R.S. 32:415.1, and he is clearly not entitled to a restricted drivers license.
The judgment of the trial court is reversed and appellee’s petition is dismissed. All costs of the trial court and this appeal to be paid by appellee.
REVERSED.