HALL, Judge.
In January 1980 plaintiff filed a petition for a restricted driver’s license under LSA-R.S. 32:415.1, alleging that her license had been “revoked” and alleging economic hardship. The state answered, alleging that plaintiff had been convicted of DWI offenses in 1973, 1978, and 1979, and that her license had been previously suspended for a second offense DWI conviction. After trial *926 the district court found that plaintiff had accumulated four DWI convictions with the first in 1973 and the last in 1979. The court found that plaintiff’s license had been suspended as the result of a DWI conviction more than five years prior to the date of the hearing in the present case. The court held that since DWI offenses more than five years prior to subsequent offenses are not considered on a person’s driving record,[1] they should not be considered as a bar to issuance of a restricted license under a subsequent suspension. The court ordered the issuance of a restricted license and the Department appealed.
We affirm; not for the reasons given by the district court, but because the record does not establish that plaintiff’s license had previously been revoked or suspended under LSA-R.S. 32:414(B).
LSA-R.S. 32:415.1 provides in pertinent part:
“A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood.. .. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family.. .. ”
A person is entitled to petition for a restricted license when his license is suspended or revoked for the first time only under LSA-R.S. 32:414(B), (C), (D), (E), and LSA-R.S. 32:415. If a person’s license has been previously suspended or revoked under those statutes, the person is not entitled to petition for a restricted license. Bradley v. State, Dept. of Public Safety, 372 So.2d 1259 (La.App. 3d Cir. 1979); Perry v. State, Department of Public Safety, Driver’s License Division, 353 So.2d 318 (La.App. 4th Cir. 1977), writ denied 354 So.2d 1385 (La.1978). In this case, the Department contends that plaintiff’s license was previously suspended or revoked under LSA-R.S. 32:414(B), which provides for a mandatory one-year revocation by the department for a second or subsequent offense of DWI.
The Department’s computer printout of the plaintiff’s driving offense record shows only two convictions for DWI. The printout shows that plaintiff was convicted of DWI on September 22, 1978 and that her license was suspended for a period of one year as a result of this conviction. The record does not show when the suspension became effective. The printout also shows that plaintiff was convicted of DWI on September 19, 1979, but neither the printout nor any other evidence in the record shows that the department has taken any steps toward revocation of plaintiff’s license following that conviction. Plaintiff’s petition for a restricted license is, therefore, directed at the revocation resulting from the 1978 conviction.
The evidence does not support the trial court’s findings of fact. As far as the record and evidence shows, the revocation following the 1978 conviction was plaintiff’s first suspension or revocation under LSA-R.S. 32:414(B). The evidence does not establish that plaintiff’s license had ever been previously suspended or revoked under that statute. The department offered no documentary evidence of such a suspension or revocation. Plaintiff, an uneducated deomestic worker, admitted on cross-exam *927 ination that she was previously convicted of DWI, but the year of conviction was not established. She also admitted her license was previously suspended for six months. The evidence does not connect that suspension with a previous DWI conviction. Any suspension or revocation for DWI would necessarily have been for 60 days under LSA-R.S. 32:414(A) or one year under LSA-R.S. 32:414(B), not for six months.
Since the revocation following the 1978 conviction was plaintiff’s first suspension or revocation under LSA-R.S. 32:414(B), the trial court had the authority and discretion under LSA-R.S. 32:415.1 to order the issuance of a restricted license.
Although the record shows a subsequent conviction for DWI in 1979, and LSA-R.S. 32:414(B)(2) provides for a mandatory revocation by the department for a second or subsequent DWI offense, the record does not show that the department has taken any steps toward revocation of plaintiff’s license following that conviction. If plaintiff’s license is again revoked under the 1979 conviction, she will not be entitled to a restricted license because of the prior suspension or revocation under the 1978 conviction. Upon revocation under the 1979 conviction, the restricted license issued pursuant to the court’s order in this case under the 1978 conviction and resulting suspension would be revoked and no longer effective. The fact that these results will ensue in the event of a revocation by the department under the 1979 conviction, which has not yet taken place, does not preclude the court in the instant proceeding from granting a restricted license under the suspension for the 1978 conviction, which is the only suspension or revocation in effect at this time.
The evidence supports the trial court’s determination that the loss of her driver’s license would work an economic hardship on the plaintiff and her family. Had the trial court chosen to do so, it could have, as a matter of discretion, refused to order the issuance of a restricted license on the basis of the plaintiff’s subsequent DWI conviction. Since the statute is couched in permissive rather than mandatory terms, the district court is not required to grant a restricted license even if the plaintiff proves that the lack of a license would deprive the person or his family of the necessities of life. Ansley v. State, Dept. of Public Safety, 356 So.2d 518 (La.App. 1st Cir. 1977). Here, the district court exercised its discretion in favor of the plaintiff. We find there was no abuse of the trial court’s discretion in granting the restricted license.
For the reasons assigned, the judgment of the district court ordering the department to issue a restricted license to the plaintiff is affirmed. Such court costs as may be assessed to a state agency are assessed to the defendant-appellant.
Affirmed.

. LSA-R.S. 14:98, dealing with DWI offenses and penalties therefor, provides that any DWI offense committed more than five years prior to the commission of the DWI offense for which the defendant is being tried shall not be considered in the assessment of penalties under the statute. LSA-R.S. 32:414 B(2), dealing with revocation of license for second and subsequent offenses, provides that any DWI offense committed more than five years prior to the commission of a subsequent DWI offense shall not be considered in determining the number of such offenses which the person has committed.