401 So.2d 638 (1981)
George W. CROOKS, Plaintiff-Appellee,
v.
DEPARTMENT OF PUBLIC SAFETY.
No. 8293.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
Ralph W. Stephenson, Baton Rouge, for defendant-appellant.
*639 John R. Contois, Marksville, for plaintiff-appellee.
Before CUTRER, STOKER, and BIENVENU,[*] JJ.
C. THOMAS BIENVENU, Jr., Judge.
This is an appeal by the Louisiana Department of Public Safety from a judgment of the district court granting plaintiff a restricted driver's license under the provisions of LSA-R.S. 32:415.1. The issues on appeal are whether plaintiff's petition states a cause of action, and if so, whether a restricted license may be granted under the facts of this case.
The record shows that plaintiff was convicted twice of driving while intoxicated. His driving privileges were suspended for a period of one year following his second conviction in June of 1978. In May of 1980, plaintiff was convicted of driving under a revoked license.[1] As a result of that conviction, plaintiff's driving privileges were suspended for an additional year. On October 3, 1980, plaintiff brought this action for a restricted license, alleging only that his driver's license had been revoked by notice of the Department of Public Safety dated May 25, 1979, and that the revocation of his license would deprive him of the necessities of life and prevent him from earning a livelihood.
The department correctly argues that plaintiff's failure to allege that this is his first suspension is fatal to his claim. Sibley v. Louisiana Department of Public Safety, 385 So.2d 505 (La.App. 1st Cir. 1980). A restricted license for economic hardship can only be issued where the applicant's driver's license has been suspended, revoked, or cancelled "for the first time only" under LSA-R.S. 32:414 B, C, D, E and LSA-R.S. 32:415. LSA-R.S. 32:415.1 A(1); Fusilier v. Department of Public Safety, 389 So.2d 803 (La. App. 3rd Cir. 1980); Johnson v. State, Department of Public Safety, 390 So.2d 925 (La.App. 2nd Cir. 1980); Sibley v. Louisiana Department of Public Safety, supra.
Under the facts set out above, plaintiff cannot truthfully allege that this is his first suspension. There is therefore no need to grant him permission to amend his pleadings so as to state a cause of action.
For the reasons assigned, the judgment of the trial court is reversed, and judgment is hereby rendered in favor of the State of Louisiana, Department of Public Safety, dismissing plaintiff's suit. The costs of both the trial court and this appeal are to be paid by plaintiff.
REVERSED AND RENDERED.
NOTES
[*] Judge C. Thomas Bienvenu, Jr., Sixteenth Judicial District Court, presided as Judge Ad Hoc in this decision.
[1] The transcript does not reflect the reason why plaintiff's driving privileges were suspended at that time. However, in its answer to the petition, the department alleged that because plaintiff had not surrendered his driver's license, the one year suspension did not begin until August 19, 1979 when it expired.