408 So.2d 5 (1981)
Dee Ann Wells EVANS, Plaintiff-Appellant,
v.
Jack Darwin WELLS, Defendant-Appellee.
No. 8408.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1981.
*6 Rivers & Willson, Thomas R. Willson and Larry W. Rivers, Alexandria, for plaintiff-appellant.
David A. Sheffield, Alexandria, for defendant-appellee.
Before GUIDRY, FORET and SWIFT, JJ.
FORET, Judge.
The sole issue presented herein is whether United States military nondisability retirement pay is subject to state community property laws.
In this action, the wife has filed suit against the husband, who is the military retiree, seeking to have his retirement pay declared community property. The husband filed an exception of no cause of action, which was sustained by the trial court. The wife has appealed. We affirm.
Despite some cases from this circuit to the contrary[1], the matter has now been finally laid at rest by the United States Supreme Court in the recent case of McCarty v. McCarty, ___ U.S. ___, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), wherein the Court concluded as follows:
"We conclude, therefore, that there is a conflict between the terms of the federal retirement statutes and the community property right asserted by appellee here. But "[a] mere conflict in words is not sufficient"; the question remains whether the "consequences of that [community property right] sufficiently injure the objectives of the federal program to require nonrecognition." Hisquierdo, 439 U.S. [572], at 581-583 [99 S.Ct. 802 at 808, 809, 59 L.Ed.2d 1]. This inquiry, however, need be only a brief one, for it is manifest that the application of community property principles to military retired pay threatens grave harm to "clear and substantial" federal interests. See United States v. Yazell, 382 U.S. [341], at 352 [86 S.Ct. 500 at 506, 15 L.Ed.2d 404]. Under the Constitution, Congress has the power "[t]o raise and support Armies," "[t]o provide and maintain a Navy," and "[t]o makes Rules for the Government and Regulation of the land and naval Forces." U.S.Const., Art. I, § 8, cls. 12, 13, and 14. See generally Rostker v. Goldberg, ___ U.S. ____, ____ [101 S.Ct. 2646, 2651, 69 L.Ed.2d 478] (1981). Pursuant to this grant of authority, Congress has enacted a military retirement system designed to accomplish two major goals: to provide for the retired service member, and to meet the personnel management needs of the active military forces. The community property division of retired pay has the potential to frustrate each of these objectives."
The retirement pay being received by the appellee-husband in the case sub judice is regular retirement pay, to which he became entitled after serving in the United States Air Force for a period in *7 excess of twenty years. It is not disability retirement pay. Therefore, McCarty is dispositive of the issues involved herein.
Appellant's contention that McCarty is not applicable because it had not yet been decided at the time that this matter was heard in the trial court is without merit. It is well settled that an appellate court may, ex proprio motu, notice the failure of a plaintiff to state a cause of action. LSA-C.C.P. Article 927; Joiner v. Wilson, 377 So.2d 583 (La.App. 3 Cir. 1979); Campbell v. Scroggins, 191 So.2d 154 (La.App. 3 Cir. 1966). Thus, assuming arguendo that the trial court may have been in error before the rendition of McCarty, we are empowered, on appeal, to make our own finding of no cause of action. Accordingly, we find, as did the trial court, that plaintiff's petition does not state a cause of action and therefore should be dismissed.
The judgment of the trial court sustaining the exception of no cause of action is affirmed.
Costs of this appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] E.g., Swope v. Mitchell, 324 So.2d 461 (La. App. 3 Cir. 1975); Moon v. Moon, 345 So.2d 168 (La.App. 3 Cir. 1977).

For the latest expression by the Louisiana Supreme Court on the issue, see DeDon v. DeDon, 390 So.2d 937 (La. 1981) and Norsworthy v. Norsworthy, 397 So.2d 796 (La.1981), both of these decisions having been rendered on September 28, 1981.