GUIDRY, Judge.
In this case plaintiff seeks recognition as owner of a percentage of defendant’s military retirement pay. As a basis for her *1230 claim plaintiff alleges that defendant’s eligibility for such pay was earned during the existence of their marriage and thus the retirement pay forms part of the community of acquets and gains formerly existing between them. Defendant filed an exception of no cause of action which was sustained by the trial court. Plaintiff appeals. We affirm.
It is now settled that federal law precludes a division of military retirement benefits pursuant to state community property laws. McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981); Dedon v. Dedon, 404 So.2d 904 (La.1981); Norsworthy v. Norsworthy, 397 So.2d 796 (La.1981); Evans v. Wells, 408 So.2d 5, docket number 8408 (La.App. 3rd Cir. 1981).
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.