GUIDRY, Judge.
The State of Louisiana, through the Department of Public Safety, hereafter Department, appeals from a judgment granting plaintiff a restricted driver’s license under the provisions of LSA-R.S. 32:415.1.
On December 18, 1981, plaintiff petitioned the trial court for a restricted driver’s license alleging that his license was suspended by order of the Seventh Judicial District Court in August, 1980 and that such revocation of his driving privileges will prevent him from earning a livelihood. The Department responded by the filing of an *1247 answer and an exception of no cause of action. In its answer the Department alleged that since November 9, 1979, plaintiff’s driving privileges were suspended for one year periods on eight separate occasions. As a basis for its exception of no cause of action the Department urged that plaintiff’s petition is deficient, in that, same fails to state that the suspension of plaintiff’s driving privileges in August, 1980, was a first suspension.
The trial court rendered judgment on January 7, 1982, granting plaintiff a restricted driver’s license.[1] The Department appealed. We reverse.
The record reflects that plaintiff’s driving privileges were originally suspended for one year in September of 1979 because of three convictions of reckless operation of a motor vehicle within a one year period. Subsequent to that initial suspension, plaintiff was twice convicted for driving while intoxicated and was also convicted on multiple charges of driving under revocation. On the occasion of each of the aforesaid convictions, plaintiff’s driving privileges were suspended for an additional year. In light of these uncontroverted facts, the trial court clearly erred in allowing plaintiff a restricted driver’s license under the provisions of LSA-R.S. 32:415.1.
As we stated in Crooks v. Department of Public Safety, 401 So.2d 638 (La.App. 3rd Cir. 1981):

"The department correctly argues that plaintiff’s failure to allege that this is his first suspension is fatal to his claim. Sib-ley v. Louisiana Department of Public Safety, 385 So.2d 505 (La.App. 1st Cir. 1980). A restricted license for economic hardship can only be issued where the applicant’s driver’s license has been suspended, revoked, or cancelled ‘for the first time only’ under LSA-R.S. 32:414 B, C, D, E and LSA-R.S. 32:415. LSA-R.S. 32:415.1 A(l); Fusilier v. Department of Public Safety, 389 So.2d 803 (La.App. 3rd Cir. 1980); Johnson v. State, Department of Public Safety, 390 So.2d 925 (La.App. 2nd Cir. 1980); Sibley v. Louisiana Department of Public Safety, supra.”

For these reasons the judgment of the trial court is reversed and judgment is rendered in favor of the Department, dismissing plaintiff’s suit. Plaintiff-appellee is cast for all costs at the trial level and on appeal.
REVERSED AND RENDERED.

. Presumably, the trial court referred the exception of no cause of action to the merits, although the judgment does not specifically overrule the Department’s exception.