425 So.2d 350 (1982)
Michael MANGO, Plaintiff-Appellee,
v.
STATE of Louisiana, Through DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellant.
No. 82-390.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
Wayne R. Crouch, Asst. Gen. Counsel, Baton Rouge, for defendant-appellant.
John Skaggs, Leesville, for plaintiff-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
STOKER, Judge.
The defendant, State of Louisiana, Department of Public Safety, appeals from a judgment granting plaintiff a restoration of his suspended driving privileges. Defendant filed a peremptory exception of failure to state a cause of action which, although not ruled on by the trial court, is reurged, along with other contentions, on appeal. We reverse.
Plaintiff's action is based on LSA-R.S. 32:415.1A(1), which reads in pertinent part as follows:
"§ 415.1 Economic hardship appeal of driver's license suspension
"A. (1) Upon suspension, revocation, or cancellation of a person's drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family."
Defendant's peremptory exception is based on the fact that plaintiff failed to allege in his petition that the suspension complained of is plaintiff's first suspension, which is a requisite for the cause of action in the above statute. It is apparent from the trial record that plaintiff could not have truthfully alleged that this was his first suspension in view of his proven record of previous suspensions.
We find that the trial court erred in not granting defendant's peremptory exception. Sibley v. Louisiana, Department of Public Safety, 385 So.2d 505 (La.App. 1st Cir.1980). Because of our ruling on the exception, appellant's other arguments need not be considered.
For the reasons assigned, the judgment of the trial court is reversed and the petition *351 for restoration of restricted driving privileges is dismissed. Costs of this appeal are assessed against appellee, Michael A. Mango.
REVERSED.