YELVERTON, Judge.
This is an appeal by Edward Burchfield from a judgment of the district court denying him a restricted driver’s license under the provisions of LSA-R.S. 32:415.1.
The record shows that on October 6,1982, plaintiff brought this action for a restricted license, alleging only that his driving privileges had been suspended by the Department of Public Safety and that it is necessary for him to be able to drive to earn a livelihood. The petition fails to state that this is the plaintiff’s first suspension of his driving privileges.
At the hearing on the matter the trial judge evidently requested a copy of plaintiff’s driving record. Plaintiff’s counsel provided the court with an uncertified copy which reflected that the plaintiff had received two DWI convictions and that his driver’s license had been suspended on both occasions. The trial court then ruled that the plaintiff was not entitled to a restricted license based on the two convictions. On appeal the plaintiff argues that the trial court improperly relied on the uncertified copy in finding that the petitioner had been convicted of two DWIs. We agree that reliance on an uncertified driving record was improper, but we affirm the dismissal because plaintiff’s petition fails to state a cause of action.
It is settled that an appellate court may ex proprio motu notice the failure of a plaintiff to state a cause of action. Joiner v. Wilson, 377 So.2d 583 (La.App. 3rd Cir.1979); Evans v. Wells, 408 So.2d 5 (La. App. 3rd Cir.1981). LSA-R.S. 32:415.-1(A)(1) and LSA-R.S. 32:414(B), (C), (D) and (E) authorize the issuance of a restricted license for economic hardship where the applicant’s driver’s license has been suspended, revoked, or cancelled “for the first time only.” Crooks v. Department of Public Safety, 401 So.2d 638 (La.App. 3rd Cir. 1981), writ denied 404 So.2d 1257 (La.1981). The failure of a plaintiff to state in his petition that this is his first suspension is fatal to his claim. Crooks v. Department of Public Safety, supra; Freeman v. State of La., Dept. of Public Safety, 420 So.2d 1246 (La.App. 3rd Cir.1982). It does not state a cause of action.
Even though the uncertified copy of plaintiff’s driving record suggests that this is his second suspension and that plaintiff probably cannot truthfully allege that this is his first suspension, the uncertified copy cannot be relied upon to prove the fact of his second suspension. See Guillot v. State of La., Dept. of Public Safety, 380 So.2d 1250 (La.App. 3rd Cir.1980), writ denied 384 So.2d 795 (La.1980). Therefore we find it necessary to remand this case to allow plaintiff time to amend his pleadings so as to state a cause of action.
For the reasons assigned the case is hereby remanded granting the plaintiff a period of 15 days from the date this judgment *1151 becomes final to amend his petition in the respects set forth above, and upon his failure to amend within this delay plaintiff’s suit will be dismissed with prejudice. Costs of this appeal shall be borne by the plaintiff-appellant.
REMANDED.