ARMSTRONG, Judge.
The defendant, the Louisiana Department of Public Safety, is appealing the trial court’s judgment granting plaintiff, Anthony Cartaginese, Jr., a second restricted driver’s license. We reverse.
The record reflects that on April 12, 1983 plaintiff was arrested in Jefferson Parish for driving while intoxicated (DWI). He was convicted of that charge on November 21, 1983 and his license was suspended for sixty days. His suspension did not begin, however, until such time as he was arrested for a second DWI.
On April 24, 1984 plaintiff was again arrested for DWI. At the time of this arrest plaintiff refused to submit to the intoximeter test, so his driver’s license was seized by the arresting officer. On May 24, 1984 plaintiff was notified by the Department of Public Safety that his driver’s license would be suspended for sixty days for the first DWI and 180 days for refusing to take the intoximeter test at the time of his second DWI arrest. These suspensions began to run on May 24, 1984.
On June 20, 1984 plaintiff petitioned for a hardship license, and on July 13, 1984 he obtained a default judgment granting him the license. The State did not appeal. The default judgment did not specify the effective dates of the license, but the restricted license was not actually issued until September 25, 1984 and it expired on January 24, 1985. Thus, though plaintiff’s license was suspended for 240 days, or approximately eight months, his restricted license was in effect for only four months.
On August 21, 1984, following the entrance of the default judgment but prior to the actual issuance of the restricted license, plaintiff was convicted on the second DWI charge, and on January 28, 1985 he was notified that his driving privileges were suspended for an additional six months.
On January 24,1985 his restricted license expired, so he surrendered the license. Through an apparent clerical error, however, he was issued a regular four year driver’s license on that date. On January 28, 1985 plaintiff was notified that he must surrender. the regular license issued four days previously, so on February 8, 1985 he surrendered the license. On February 8, 1985 plaintiff petitioned for and was granted a second restricted driver’s license. On February 22, 1985 he was granted the restricted license for a period of six months. In this second petition plaintiff asserted that his driving privileges “have been suspended” for a period of eight months, but he failed to allege that his driving privileges had been suspended previously. It is the issuance of this second restricted license that is the basis of this appeal.
In granting the plaintiff the restricted license that is herein at issue, the trial court stated that “the [second] suspension was a continuation of the original suspension.” The trial court’s judgment provided that plaintiff be allowed restricted driving privileges “throughout the six months period of suspension by the State.”
On appeal the defendant argues that the trial court erred in overruling its exception of no cause of action based on plaintiff’s failure to allege in his second petition for a restricted license that his driving privileges had not been previously suspended. The defendant also argues that under LSA-R.S. 32:415.1 an individual can only seek a restricted license for the first suspension.
The plaintiff asserts that he was not issued a second restricted license but, rather, the trial court merely continued the previous judgment in effect.
Under the provisions of R.S. 32:415.-1, “[u]pon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for in R.S. 32:414 and R.S. 32:415 said person ... shall have the right to file a petition ... alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood.” (emphasis added). Thus, a restricted driver’s license can only be issued after first suspension or revocation of driv *651 ing privileges. Clarke v. State, Dept. of Public Safety License Control Div., 415 So.2d 326 (La.App. 2nd Cir.1982); Lane v. Louisiana Dept. of Public Safety, 393 So.2d 329 (La.App. 1st Cir.1980); Sibley v. Louisiana Dept. of Public Safety, 385 So.2d 505 (La.App. 1st Cir.1980).
In the instant case the plaintiff’s driving privileges were suspended the first time on April 24, 1984, and the suspension was in effect for eight months, from May 24, 1984 through January 24, 1985. On January 24, 1985 plaintiff surrendered his restricted license. The first suspension was based on plaintiffs conviction of a first DWI and his refusal to take the intoximeter test upon his arrest for a second DWI.
The second suspension began on January 28, 1985, after the first suspension had ended, and was based on his second conviction for DWI. Note that plaintiffs first suspension was for 60 days for the DWI and 180 for the refusal, a total of approximately eight months.
Under these circumstances it is clear that the second suspension was not a continuation of the first, but was based upon a second conviction for a second DWI. The plaintiff having been granted restricted driving privileges once, was not entitled to them upon conviction of his second DWI.
Finally, plaintiff asserts in brief that although the trial court ordered, in its February 22, 1985 judgment, that his restricted driving privileges would remain in effect during the pendency of the state’s appeal, he nevertheless has not'been issued the restricted license. In the event that plaintiff has been without a license of any type during the pendency of this appeal, the period of time he has been without a license should be credited towards his suspension.
For the foregoing reasons the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.