502 So.2d 213 (1987)
William Knox KLECKLEY, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellant.
No. 86-192.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
*214 Ralph W. Stephenson, Jr., Baton Rouge, for defendant-appellant.
McHale, Bufkin and Dees, Michael K. Dees, Lake Charles, for plaintiff-appellee.
Before DOUCET, LABORDE and KING, JJ.
LABORDE, Judge.
Plaintiff, William Kleckley, petitioned for and received a restricted driver's license as provided for in LSA-R.S. 32:415.1. Defendant, Louisiana Department of Public Safety, appeals the order granting the license on two distinct grounds: (1) that plaintiff's petition failed to state a cause of action; and (2) that the trial court erred in failing to allow the statutorily mandated ten days notice to the Department before setting the hearing date, as provided for in LSA-R.S. 32:414 F(4). Plaintiff has not answered this appeal. We reverse.
In order for a restricted driver's license to be granted, it must be the driver's first suspension. Sibley v. Louisiana Department of Public Safety, 385 So.2d 505 (La.App. 1st Cir.1980); Perry v. State, Department of Public Safety, Driver's License Division, 353 So.2d 318 (La.App. 1st Cir.1977), writ denied, 354 So.2d 1385 (La. 1978).
Plaintiff failed to state in his petition that this was his first suspension; therefore, he has failed to state a cause of action. Mango v. State, Department of Public Transportation, 425 So.2d 350 (La. App. 3d Cir.1982); Freeman v. State, Department of Public Safety, 420 So.2d 1246 (La.App. 3d Cir.1982); Crooks v. Department of Public Safety, 401 So.2d 638 (La. App. 3d Cir.), writ denied, 404 So.2d 1257 (La.1981). We need not discuss the merit of the other ground, nor need we grant plaintiff permission to amend the pleadings so as to state a cause of action. Plaintiff's driving record, annexed to the Department's answer, shows a previous suspension of plaintiff's license; therefore, a remand would be a futile gesture. See Michel v. State, Through Department of Public Safety, 388 So.2d 130, 131-32 (La. App. 1st Cir.1980).
For the above and foregoing reasons, the judgment of the trial court is reversed and appellee's petition is dismissed with prejudice. All costs of the trial court and of this appeal are taxed to appellee, William Knox Kleckley.
REVERSED AND RENDERED.