583 So.2d 872 (1991)
Anthony F. GRANATA
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY.
No. 90 CA 0714.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
Kevin P. Monahan, Baton Rouge, for plaintiff-appellee Anthony F. Granata.
Wayne R. Crouch, Baton Rouge, for defendant-appellant Louisiana Dept. of Public Safety.
Before LOTTINGER, SHORTESS and CARTER, JJ.
*873 CARTER, J.
This is an appeal from a trial court judgment in a suit for a restricted driver's license.

FACTS
The following facts were stipulated by the parties:
1.
On August 8, 1987, plaintiff was arrested for DWI, submitted to a breath test, the result was greater than .10, and thereafter served a ninety (90) day suspension of driving privileges from September 8, 1987 to December 8, 1987, pursuant to LSA-R.S. 32:661 et seq.
2.
Plaintiff was not convicted of the criminal charge arising out of the arrest on August 8, 1987. (See attached letter).
3.
On March 3, 1989, plaintiff was again arrested for DWI, again submitted to a breath test, the result again being greater than .10 and thereafter plaintiff's driving privileges were again suspended pursuant to LSA-R.S. 32:661 et seq., this time for one (1) year as provided particularly by Section 667B(1).
4.
On May 25, 1989, plaintiff was convicted or pleaded guilty to the criminal charge of DWI arising out of the arrest of March 15, 1989.
On September 5, 1989, plaintiff filed the instant suit for a restricted driver's license. The State of Louisiana, Department of Public Safety and Corrections (Department) answered plaintiff's petition denying his entitlement to a restricted license.
Thereafter, the trial judge rendered judgment reversing and rescinding plaintiff's one-year suspension of his driver's license and ordered that plaintiff's full driving privileges be restored. From this adverse judgment, the Department appeals assigning the following errors:
1. The trial Court (sic) erred in ruling that the 1987 suspension of plaintiff-appellee's driving privileges was in error because plaintiff-appellee was not convicted of the DWI.
2. The trial court erred in finding that plaintiff-appellee should only be suspended for six months "since this was his only DWI conviction."
The pertinent provisions are LSA-R.S. 32:414, 32:415.1, 32:667, and 32:668. These provisions present two different circumstances. As noted by our brethren of the Third Circuit in Schott v. State, Department of Public Safety, 556 So.2d 999, 1001 (La.App. 3rd Cir.1990):
LSA-R.S. 32:414 and 415.1 are invoked upon conviction and sentence for DWI, while LSA-R.S. 32:667 and 668 come into play upon arrest for suspicion of DWI. They are parallel statutory schemes as we see it. LSA-R.S. 32:667F provides that, "When a license has been suspended under the provisions of this Section and the person is also convicted of or pleads guilty to an offense arising out of the same occurrence, any suspension of license imposed for such offense shall run concurrently with the suspension provided by this Section and the total period of suspension shall not exceed the longer of the two periods." LSA-R.S. 32:414 and 668 clearly provide for two separate periods of suspension which may be imposed by the Department and the corresponding avenues to obtain relief from those suspensions are found in LSA-R.S. 32:415.1 and 668, respectively.
LSA-R.S. 32:414 requires a mandatory suspension of sixty days for a first DWI conviction and a one-year suspension for each subsequent conviction.[1] With regard *874 to a restricted or hardship license, after conviction, a person is entitled to petition for a restricted license when his license is suspended or revoked for the first time only under LSA-R.S. 32:414 and LSA-R.S. 32:415. If a person's license has been previously suspended or revoked under those statutes, the person is not entitled to petition for a restricted license. Johnson v. State, Department of Public Safety, Driver's License Division, 390 So.2d 925, 926 (La.App. 2nd Cir.1980).
When a person has submitted to a blood-alcohol test and the results show a blood-alcohol level of .10 or above, LSA-R.S. 32:667 requires a suspension of ninety days on a first offense violation without eligibility of a hardship license for the first thirty days and a suspension of 365 days on a second or subsequent violation occurring within five years of the first offense.[2] With regard to a restricted or hardship license after submission to a blood-alcohol test with results above .10, LSA-R.S. 32:668B(1)(c) permits a person whose license is suspended for the first time to apply for such restricted license after the first thirty days of the suspension.
In the instant case, plaintiff's May 25, 1989 conviction was his first conviction; for any suspension resulting therefrom, plaintiff was entitled to seek a hardship license pursuant to LSA-R.S. 32:415.1. However, plaintiff's March 3, 1989 test results, which were the basis of his May 25 conviction, were greater than .10 and were his second such results within five years. Therefore, the mandatory 365-day suspension is applicable under LSA-R.S. 32:667, and he is ineligible for a restricted license under LSA-R.S. 32:668 during that one-year period.
In reversing and rescinding the one-year suspension of plaintiff's driver's license and ordering that plaintiff be restored to full driving privileges, the trial court concluded that because plaintiff was not convicted on his first DWI charge, his license was suspended in 1987 erroneously. The trial court concluded that the plaintiff was not precluded from receiving a hardship license and should only receive a six-month suspension because of only one DWI conviction. The trial court further concluded that since the plaintiff had already served over six months of the suspension, he was entitled to be restored to his full driving privileges.
After carefully reviewing the record and applicable law, we find that the trial court erred in restoring plaintiff's driving privileges. Although the May 25, 1989, conviction was plaintiff's only conviction and he would ordinarily be eligible to apply for a hardship or restricted license for a suspension under LSA-R.S. 32:414 and 415.1, his March 3, 1989, submission to a test resulting in blood-alcohol content greater than .10 was his second, resulting in a one-year suspension of his driving privileges without eligibility for a restricted license during such period of suspension pursuant to LSA-R.S. 32:667 and 668.

*875 CONCLUSION
For the above reasons, the judgment of the trial court reversing the one-year suspension and granting plaintiff full driving privileges is reversed. Judgment is rendered denying plaintiff's request for a restricted license. Plaintiff is cast for all costs.
REVERSED AND RENDERED.
NOTES
[1] LSA-R.S. 32:414A(1) and B(2) provide, in pertinent part, as follows, respectively:

A. (1) The department shall suspend the license of any person for a period of sixty days upon receiving, from any district, city, or municipal court ... satisfactory evidence of the conviction or of the entry of a plea of guilty or nolo contendere and sentence thereupon or of the forfeiture of bail of any such person charged with the first offense of operating a motor vehicle while under the influence of beverages of high alcoholic content, of low alcoholic content, of narcotic drugs, or of central nervous system stimulants.
B. The department shall forthwith revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:
(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second or subsequent offense for operating or being in actual physical control of a motor vehicle while under the influence of intoxicating beverages, ....
[2] LSA-R.S. 32:667B(1) provides as follows:

If such written request is not made by the end of the thirty day period, the person's license shall be suspended as follows:
If the person submitted to the test and the test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, his driving privileges shall be suspended for ninety days from the date of suspension on first offense violation without eligibility for a hardship license, for the first thirty days and for three hundred sixty-five days from the date of suspension without eligibility for a hardship license on second and subsequent violations occurring within five years of the first offense.