DECUIR, Judge.
Plaintiff, Shepherd Roy, petitioned for and received a restricted driver’s license as provided for in LSA-R.S. 32:415.1. Defendant, Louisiana Department of Public Safety, appeals the order granting the license. We reverse and render.
At the trial of this matter, plaintiff testified that he needed a restricted driver’s license for occupational purposes. Plaintiff admitted at trial that his license had been suspended on a previous occasion ten years earlier. A certified copy of Mr. Roy’s driving record was introduced into evidence and showed convictions of driving under suspension on four separate occasions, in violation of LSA-R.S. 32:415. These convictions occurred on December 11, 1989, April 19, 1990, June 11, 1990 and August 21, 1991. Mr. Roy admitted to each of these convictions at trial.
In order for a restricted driver’s license to be granted it must be the driver’s first suspension. Kleckley v. State, Department of Public Safety, 502 So.2d 213 (La.App. 3rd Cir.1987). Plaintiff failed to state in his petition that this was his first suspension; therefore, he has failed to state a cause of action. Mango v. State, Department of Public Safety, 425 So.2d 350 (La.App. 3rd Cir.1982). We need not grant plaintiff permission to amend the pleadings to state a cause of action. Plaintiff’s record indicates that this is not his first revocation; therefore, a remand would be a futile gesture. See Kleckley, supra.
At trial, the court improperly considered allegations that plaintiff’s suspension was invalid and used that as a basis for granting plaintiff’s restricted license. Such assertions should not have been considered as they are equivalent to a collateral attack on a criminal proceeding in a civil case. This type of collateral attack is not permitted. Duke v. State of Louisiana, Department of Public Safety, 424 So.2d 1262 (La.App. 3rd Cir.1982). Plaintiff’s remedy was to appeal the suspension within the thirty-day period allowed for applying for a hearing in district court after a license suspension. We therefore conclude that the trial court erred in granting plaintiff’s petition for a restricted license as this was not plaintiff’s first suspension.
For the above and foregoing reasons the judgment of the trial court is reversed, and appellee’s petition is dismissed with prejudice. All costs of the trial court and this appeal are taxed to appellee, Shepherd James Roy.
REVERSED AND RENDERED.