| ROUGET, Chief Judge.
The State of Louisiana, Department of Public Safety and Corrections (DPSC) appeals a judgment of the trial court granting Plaintiff, Bryan Dubroc, a restricted driver’s license due to reasons of economic hardship. We reverse the decision of the trial court.
PROCEEDINGS AT THE TRIAL LEVEL
Plaintiff, whose Louisiana State driver’s license had been suspended by DPSC, filed a petition seeking to have his license reinstated because of economic hardship. DPSC filed a Peremptory Exception of No Cause of Action based upon the fact that Plaintiffs petition failed to claim the suspension of his license was his first suspension. I;,See La.R.S. 32:415.1. The trial judge overruled the exception and granted Plaintiff a restricted license under the provisions of La.R.S. 32:378.2. DPSC appeals. LAW AND DISCUSSION
La.R.S. 32:415.1 states, in pertinent part as follows:
A. (1) Except as provided in R.S. 32:378.2(A), upon suspension, revocation, or cancellation of a person’s driver’s license for the first time only as provided for under R.S. 32:414 and R.S. 32:415, said person, after initial notice from the department, shall have the right to file a *691 petition in the district court of the parish in which the applicant is domiciled alleging that revocation of 'his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family. The restrictions of said license shall be determined by the court and shall include the following:
(a) Licensee shall only be permitted to operate a motor vehicle on such streets as would enable him to earn his livelihood.
(b) Such operation is restricted to such times during which he is involved in earning a livelihood.
(c) During the period of suspension, licensee shall be responsible for applying to the court in the event that earning his livelihood necessitates a change in the original restrictions proposed by the court.
(d) Any other restrictions that the court determines to be necessary and proper.
No testimony was elicited at the hearing on the matter. The only evidence introduced was a certified copy of Plaintiffs record with the Office of Motor Vehicles dating from June 1992. That record shows “revocation violations” on March 9, 1994, January 30, 1995 and March 25, 1996. Plaintiffs attorney even admitted that this was not Plaintiffs first suspension.
In Roy v. State, Dept. of Public Safety and Corrections, 614 So.2d 188, 189 (La.App. 3 Cir. 2/3/93), a panel of this court addressing a factual situation almost identical to this one, státed the following:
In order for a restricted driver’s license to be granted it must be the driver’s first suspension. Kleckley v. State, Department of Public Safety, 502 So.2d 213 (La.App. 3rd Cir.1987). Plaintiff failed to state in his petition that this was his first suspension; therefore, he has failed to state á cause of action. Mango v. State, Department of Public Safety, 425 So.2d 350 (La.App. 3rd Cir.1982). We need not grant plaintiff permission to amend the pleadings to state a cause of action. Plaintiffs record indicates that this is not his first revocation; therefore, a remand would be a futile gesture. See Kleckley, supra.
Additionally, La.R.S. 32:415.1 calls upon the trial court “... to determine whether the allegations of hardship have merit.” No testimony or evidence of economic hardship was introduced at the hearing. Accordingly, the trial judge had no basis upon which to grant the relief requested, had the statute allowed him to do so.
The trial judge, realizing that he could not grant Plaintiff any relief under the provisions of La.R.S. 32:415.1, stated: ‘Well I want Mr. Dubroc to have a license to be able to support his family. All I need is some law to go on.... Is there any at all?” Counsel for Plaintiff suggested that “some sort of interlocutory device” be placed on Plaintiffs vehicle as part of the restriction. He argued that an opinion of the Attorney General issued in March 1993 provided support for such action. Counsel for DPSC argued the only cases wherein the law provided for ignition interlock devices were those involving the offense of driving while intoxicated. Counsel for Plaintiff countered that the opinion of the Attorney .General rendered in March 1993, seemed to provide for the use of ignition lock devices in other cases:
If the court imposes the use of an ignition interlock device as a condition of probation upon' one who would otherwise *692 not be eligible under La.R.S.32:414, 82:667 or 32:415.1 to apply for hardship driving privileges under La.R.S.32:415.1, this person will nonetheless be eligible to apply for hardship privileges under La.R.S.32:415.1. This applicant should apply for | ¿restricted driving .privileges by petitioning the court of the parish of his domicile pursuant to La. R.S.32:415.1(A)(1).
Op. Att’y Gen., No. 93-51 (March 23, 1993).
While this would appear to support counsel’s argument, a full reading of the Attorney General’s response to the inquiry which gave rise to the opinion clearly shows that counsel’s reliance is misplaced. That reply states in pertinent part:
Your request for an Attorney General Opinion concerning the use of ignition interlock devices has been forwarded to me for research and reply.
You asked the following questions:
1. Can the restriction of driving privileges that requires the use of an ignition interlock device as a condition of probation be granted as an exception to the previously mandatory suspension periods for convictions for DWI established by La.R.S. 32:414 and to suspensions of drivers’ licenses under the Implied Consent Law, La.R.S. 32:667?
2. If so, would the person subject to said restriction apply to the Department of Public Safety and Corrections for the implementation of a restricted license?

Id.

La.R.S. 32:414 deals with the suspension of driver’s licenses in the case of guilty pleas or convictions for either vehicular negligent injury (involving drugs or alcohol) or operation of motor vehicle while intoxicated. La.R.S. 32:667 deals with chemical tests for intoxication and seizure of licenses. Thus it is clear that the opinion was rendered in connection with the interpretation of the proper procedural steps a person convicted of an offense involving driving under the influence of drugs or alcohol should follow in applying for a restricted license.
In the case sub judice, Plaintiff was never charged or convicted of DWI. Thus, the statutes dealing with that offense are inapplicable.
| ¡Accordingly, for the reasons stated above, the judgment of the district court is reversed. All costs of this appeal are assessed against Appellee, Bryan Dubroc.
REVERSED.